**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANE FINLEY,**

                      **Plaintiff,**

                v.                                                  9:06-CV-1524
                                                                       (FJS/ATB)

**SGT. PERRY, Upstate Correctional Facility;**
**W. JOCK, Corrections Officer, Upstate**
**Correctional Facility; E. AMBERMAN,**
**Social Worker, Upstate Correctional Facility;**
**N. PLOOF, Registered Nurse, Upstate**
**Correctional Facility; M. GOKEY, Correctional**
**Officer, Upstate Correctional Facility;**
**G. ELLSWORTH, Correctional Officer;**
**B. CLARK, Correctional Officer, Upstate**
**Correctional Facility; B. GALE, Correctional**
**Officer, Upstate Correctional Facility;**
**G. CORRIGEUX, Correctional Officer, Upstate**
**Correctional Facility; C.O. PREMO;**[1]

                      **Defendants.**
_____

---

[1] Defendant Jock is listed as "Dock" in the caption. However, numerous documents in the record indicate that his last name is, in fact, "Jock." Most notably, Defendant Jock gave a sworn statement in which he indicated that his last name is Jock. *See* Dkt. No. 110, Exhibit "22" attached thereto, at 1. In addition, Defendant Gale is listed as "Gulc" in the caption. Defendant Gale gave a sworn statement in which he indicated that his last name is Gale. *See* Dkt. No. 110, Exhibit "15" attached thereto, at 1. Moreover, Defendant Ellsworth is listed as "Elsworth" in the caption. Defendant Ellsworth gave a sworn statement indicating the correct spelling of his name. *See* Dkt. No. 110, Exhibit "19" attached thereto. Finally, Defendant Corrigeux is listed as "Corriguex" in the caption. Although Defendant Corrigeux did not give a statement in this case, the statement of Defendant Gale indicates the correct spelling of his name. **Accordingly, the Court directs the Clerk of the Court to amend the Docket to reflect the correct spelling of Defendant Jock's name, Defendant Gale's name, Defendant Ellsworth's name, and Defendant Corrigeux's name.**

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **DANE FINLEY**<br>Brooklyn, New York 11233<br>Plaintiff *pro se* | |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **MEGAN M. BROWN, AAG** |

**SCULLIN, Senior Judge**

## ORDER

Currently before the Court are Plaintiff's and Defendants' objections to Magistrate Judge Baxter's July 13, 2010 Report and Recommendation. *See* Dkt. Nos. 116, 118, 119.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, against Defendants Perry, Jock, Gokey, Ellsworth, Clark, Gale, Corrigeux, and Premo, who are corrections officers at Upstate Correctional Facility ("Upstate"), Defendant Amberman, who is a social worker at Upstate, and Defendant Ploof, who is a nurse at Upstate.

Plaintiff alleged that, in one incident, Defendants Gokey, Ellsworth, and Clark used excessive force against him and that Defendant Nurse Ploof was deliberately indifferent to his serious medical needs. Plaintiff further alleged that, in a second incident, Defendants Perry, Gale, Jock, and Premo violated his Eighth Amendment rights by using, and/or failing to stop other officers from using, excessive force and that Defendant Amberman also failed to intervene to stop this alleged assault. Finally, Plaintiff alleged that Defendants Ploof, Perry, Gale, Corrigeux, Jock, Premo, and Amberman violated his right to due process when they denied him lunch and dinner.

Plaintiff alleged that all of these events occurred on December 19, 2005.

Plaintiff commenced this action on December 20, 2006, seeking monetary damages from each of the named defendants. *See* Dkt. No. 1. Defendants moved for summary judgment on October 23, 2009. *See* Dkt. No. 110. Plaintiff filed a brief in opposition to that motion on April 2, 2010. *See* Dkt. No. 115.

In a Report-Recommendation dated July 13, 2010, Magistrate Judge Baxter recommended that this Court grant Defendants' motion for summary judgment with respect to (1) Plaintiff's claims against Defendants Ploof and Amberman, (2) any claims for monetary damages against any Defendant in his or her official capacity, and (3) any claims relating to the denial of meals to Plaintiff. *See* Dkt. No. 16 at 29. Furthermore, Magistrate Judge Baxter recommended that this Court deny Defendants' motion for summary judgment with respect to (1) Plaintiff's Eighth Amendment claims based on excessive force against Defendants M. Gokey, G. Ellsworth, and B. Clark and (2) Plaintiff's Eighth Amendment claims based on excessive force and/or failure to intervene against Defendants Perry, B. Gale, D. Corrigeux, W. Jock, and Premo. *See id*.

Section 636 of Title 28 of the United States Code states that "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When reviewing a magistrate judge's report and recommendation, a district court judge "make[s] a *de novo* determination of those portions of the [magistrate judge's] report or proposed specified findings or recommendations to which objection is made." *Id*. However, where an objecting """party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Webster v. Fischer*, 694 F. Supp. 2d 163, 169 (N.D.N.Y. 2010) (quoting *Farid v.*

*Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting *McAllan v. Von Essen*, 417 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). In the instant matter, although Plaintiff's objections repeated his original arguments, the Court has nevertheless conducted a *de novo* review of the record in light of the issues that Plaintiff has raised in his objections.

Having completed this review, the Court finds that Plaintiff's claims regarding excessive force and failure to intervene against Defendants Perry, Jock, Gokey, Ellsworth, Clark, Gale, Corrigeux, and Premo defy "common sense" and are barely sufficient to withstand Defendant's motion for summary judgment. Defendants repeatedly and vehemently deny Plaintiff's allegations of assault, excessive force, and failure to intervene. *See* Dkt. No. 110, Exhibit "7" attached thereto, at 4-9; Exhibit "19" attached thereto, at 2-3; Exhibit "24" attached thereto, at 2-3; Exhibit "27" attached thereto, at 2-3; Exhibit "15" annexed thereto, at 2-3; Exhibit "17" attached thereto, at 2; Exhibit "22" attached thereto, at 2. In addition, the record is bereft of any objective medical evidence to corroborate Plaintiff's allegations of injury; and the nurse who examined Plaintiff within minutes of the alleged assault found no injury. *See* Dkt. No. 110, Exhibit "10" attached thereto, at 2; Exhibit "9" attached thereto, at 5; Dkt. No 115, Exhibit "12" attached thereto, at 15.

In light of the Second Circuit's decisions in *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (holding that, when a plaintiff relies almost exclusively on his own testimony, the court must determine whether a jury could reasonably find for the plaintiff, and the court must make "some assessment of the plaintiff's account"); and *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment"), the Court

concludes that it is highly unlikely that Plaintiff will be able to prove these claims at trial. Consequently, the Court will not foreclose Defendants from filing another motion for summary judgment regarding Plaintiff's excessive force and failure to intervene claims after further discovery.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's September 22, 2009 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment be **GRANTED** with respect to the following claims: (1) all claims against to Defendants Ploof and Amberman; (2) all claims seeking money damages against any Defendant in his or her official capacity; and (3) all claims relating to the denial of meals to Plaintiff; and the Court further

**ORDERS** that Defendants' motion for summary judgment be **DENIED** with respect to the following claims: (1) Plaintiff's Eighth Amendment claims based on excessive force against Defendants Gokey, Ellsworth, and Clark and (2) Plaintiff's Eighth Amendment claims based on excessive force and/or failure to intervene against Defendants Perry, Gale, Corrigeux, Jock, and Premo; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Baxter for all further pretrial matters.

**IT IS SO ORDERED**

Dated: March 31, 2011
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge